IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEION GRIFFIN, | ) | |
| Petitioner, | ) | C/A No. 4:17-02619-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN AARON JOYNER, | ) | |
| Respondent. | ) | |

The Petitioner, Keion Griffin, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. On January 22, 2018, Respondent filed a motion for summary judgment (ECF No. 22) and a return and memorandum to the Petition (ECF No. 23). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the magistrate judge advised the Petitioner of the summary judgment procedure and the possible consequences if Petitioner failed to adequately respond to the motion. (ECF No. 24). Despite this admonition, the Petitioner did not respond to this motion. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of Petitioner's failure to prosecute, or, in the alternative that the Respondent's motion for summary judgment be granted. (ECF No. 28). Petitioner was advised of his right to object to the Report. (ECF No. 28-1). However, Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In

the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 28), which is incorporated herein by reference. However, despite the magistrate judge's recommendation that this case be dismissed <u>with</u> prejudice, the court finds that the less drastic measure of dismissing the case without prejudice is appropriate in this circumstance. Accordingly, this case is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).[1]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 23, 2018

---

[1] The court finds that sanctions less drastic than dismissal would not be effective.